UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Melon Investments, Inc. d/b/a Bridges MN, Aldrich Boarding Care Home, LLC, d/b/a Bridges MN, and Denise Cook, as Legal Guardian for N.C., a vulnerable adult,<br><br>Defendants. | Case No. 24-cv-02600 (SRN/ECW)<br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion for Continued Sealing (Dkt. 63) pursuant to Local Rule 5.6(e) concerning documents filed under seal in connection with the parties' cross Motions for Summary Judgment (Dkts. 32, 37, and 45).

Specifically, the parties seek continued sealing of Docket Entries 39, 42, 42-1, 42-2, 47, 51, 55, and 59,[1] because they either contained confidential settlement agreement involving a non-party alleged to have been sexually assaulted (I.C.) or sensitive medical and personal information regarding said non-party and another vulnerable adult (N.C.).

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). As the Eighth Circuit has held:

---

[1] The Court acknowledges that the parties seek continued sealing of Docket Entries 39, 42-1, 42-2, 42-3, 47, 52, 55, and 59, however, Docket Entries 42, 42-1 42-2, and 51 are the correct entries for the documents at issue, instead of Docket Entries 42-1, 42-2, 42-3, and 52.

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021).

Based on the representations of the parties, and the Court's review of the docket entries, the Court concludes that the need to maintain the information in above entries under seal outweighs the public's right of access as relates to non-party confidential settlement communications, medical information concerning a non-party and a vulnerable adult, and other protected information (including birthdates and financial account information). *See IDT*, 709 F.3d at 1224; Fed. R. Civ. P. 5.2.

## **ORDER**

Based on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continued Sealing (Dkt. 63) is **GRANTED** as set forth in this Order; and

2. Docket Entries 39, 42, 42-1, 42-2, 47, 51, 55, and 59 will remain **SEALED**.

DATED: July 24, 2025                *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge